## 26157. HANEY *v.* THE STATE.

Decided April 7, 1937.

*Frank A. Bowers, J. E. B. Stewart,* for plaintiff in error.
*John A. Boykin, solicitor-general, J. W. LeCraw, Quincy O. Arnold,* contra.

Guerry, J. ██ The defendant was indicted for a violation of the uniform narcotic-drug act (Ga. L. 1907, p. 121; Code, § 42-704), in that he "did unlawfully sell and dispense 15 grains heroin hydrochloride, a narcotic drug, to one LeRoy McCoy, without being so authorized to sell by the uniform narcotic-drug act of Georgia." He was found guilty, and he excepted to the overruling of his motion for new trial. The general grounds in the motion are not mentioned in the brief of counsel for the defendant, and are therefore treated as abandoned. However, we have carefully read the evidence and find that it abundantly supports the verdict.

■ A ground of a motion for new trial should be complete and understandable within itself. Where a ground complains of the admission of certain testimony, this court is not required to refer to other parts of the record to determine its admissibility. The only special ground of the motion is as follows: "Because, upon the trial of said case, the court erred in admitting, over the objections of defendant, the following testimony of the witness of P. A. Williams (State): 'Regarding whether I was present when this was taken up, the articles listed there, . . I was present when this evidence was seized. My initials are on it. This was turned over to the chemist for analysis. This was seized on Fowler Street from the defendant, who was driving a car with other people when we drove up to 501 Fowler. This was in a compartment in the car.'" The objection, as disclosed by the motion, was: "I object to that, unless it is shown that it has some connection with this particular charge." It is apparent that this ground does not measure up to the rule, and therefore it presents no question for adjudication by this court. It does not disclose to what the witness was referring when he said "I was present when *this* was taken up, the *articles* listed here. . . I was present when *this evidence* was seized." However, we might say that from an examination of the brief of counsel it appears that the witness was referring to a "quantity of narcotics" found in an automobile in which the defendant was riding with several others. We have not been able to find any law of this State making the possession of narcotics an offense or crime; and it follows that the evidence was not, as contended, inadmissible for the reason that it was an attempt on the part of the State to prove a crime distinct and independent from that on which he was being tried. We find no valid reason why the defendant should be granted a new trial. The judge did not err in overruling the motion.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*